**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEREK ALLEN, | : |
| Petitioner, | : Civil Action No.<br>: 09-4162 (RBK) |
| v. | : **OPINION** |
| PENNSLYVANIA PAROLE BOARD, | : |
| Respondent. | : |

Petitioner Derek Allen ("Petitioner"), who is presently confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. The Petition arrived unaccompanied by either Petitioner's filing fee or by his application to proceed in this matter in forma pauperis. See id.

The Petition stems from the fact that the State of Pennsylvania lodged, allegedly, a detainer against Petitioner. See id. Petitioner, consequently, seeks this Court's order directing the Federal Bureau of Prisons ("BOP") to remove his Pennsylvania detainer (and, seemingly, to also credit Petitioner's federal sentence with the time Petitioner had served in Pennsylvania prison). See id. at 5.

### I.   Implied Challenges Against the BOP

Petitioner's implied challenges against the BOP are deficient for a number of reasons.

First, those challenges that are jurisdictionally proper, as it is with respect to Petitioner's request to credit his federal sentence with the time Petitioner served in Pennsylvania prison, these challenges are subject to dismissal as unexhausted.

Although the exhaustion requirement is not jurisdictional but that of prudence of comity, the requirement is diligently enforced by the federal courts.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (noting that "a procedural default in the administrative process bars judicial review because the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar"); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").  In order for a federal prisoner to exhaust her administrative remedies, she must comply with 28 C.F.R. § 542.  See 28 C.F.R. § 542.10, et seq.; Lindsay v. Williamson, No. 1:CV-07-0808, 2007 U.S. Dist. LEXIS 54310, 2007 WL 2155544, at *2 (M.D. Pa. July 26,

2007).  An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  See 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where she is confined.  See id. at § 542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. See id. at §§ 542.15(a) and 542.18.  No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.  See Sharpe v. Costello, 289 Fed. App'x 475 (3d Cir. 2008).  Here, Petitioner's application, same as the exhibits Petitioner attached to it, do not suggest, even remotely, that Petitioner exhausted his administrative remedies.  Therefore, Petitioner's challenges seeking a credit to his federal sentence with the time Petitioner served in Pennsylvania prison will be dismissed, without prejudice, as unexhausted.[1]

---

[1] In the event Petitioner duly exhausted his challenges at all three levels of the BOP but – for the reasons not entirely clear to this Court – wholly omitted mentioning the fact of his administrative exhaustion, Petitioner shall inform the Court accordingly, and the Court will direct the Clerk to open a new and separate matter for Petitioner in order to address these challenges.  If Petitioner elects to make a statement to that effect, Petitioner's statement should be accompanied by Petitioner's filing fee or his in forma pauperis application, since the instant action – with respect to which Petitioner owes a separate filing fee or his in forma pauperis application –

Second, if this Court were to presume that Petitioner wishes to challenge the effect the BOP gives to Petitioner's Pennsylvania detainer, the Court would be without jurisdiction to address Petitioner's challenges, since the so-construed Petition would not allege that the detainer has any effect on Petitioner's federal sentence.  A prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3d Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3d Cir. 2002) (habeas relief was

---

would be deemed limited to Petitioner's challenges against the State of Pennsylvania (because, pursuant to Habeas Rule 2(e), a litigant is obligated to submit separate applications if (s)he wishes to challenge different decisions, and the decision by the BOP not to credit Petitioner's federal sentence with the time Petitioner served in state prison is a determination entirely different from the decision of the State of Pennsylvania to lodge a detainer against Petitioner).

unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint). Here, Petitioner's implied allegations against the BOP are, effectively, limited to the sole fact that the BOP has Petitioner's detainer on file. However, it appears that the fact that the BOP keeps Petitioner's Pennsylvania detainer on file in no way affects the duration of Petitioner's confinement on his currently served federal sentence; indeed, the Petition is wholly silent as to that matter. See generally, Docket Entry No. 1. Thus, Petitioner's detainer-related challenges against the BOP should be dismissed not only as unexhausted (which would warrant a dismissal without prejudice), but also should be dismissed with prejudice, for lack of jurisdiction.

Finally, even if this Court were to ignore the jurisdictional bar and lack-of-administrative-exhaustion aspects, Petitioner's implied detainer-based challenges against the BOP should be dismissed on merits. Specifically, if the Court were to hypothesize that Petitioner asks this Court to order the BOP to remove, dismiss or otherwise disregard the detainer filed by Pennsylvania officials, Petitioner would not be not entitled to such relief. The BOP's Program Statement 5800.14 provides that, "[i]f an inmate says that his or her rights have been violated

under the [Interstate Agreement on Detainers ("IAD")], the inmate will be advised to contact the state authorities or his or her attorney.  The Bureau does not decide the validity of the detainer or violation of any IAD provision.  All detainers will remain in full force and effect, unless and until the charges from the receiving state are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer."  Inmate Systems Management Manual, Program Statement 5800.14, ch. 6 § 612.

Moreover, Section 610 provides that,

> [i]f the inmate has not been brought to trial within 180 days from the date prosecuting officials received the IAD packet, ISM staff will correspond with the prosecutor . . . calling attention to the lapse of the 180-day period.  *Only the state may authorize the removal of its detainer.*  The inmate must address any request regarding a possible violation of the IAD[] to the appropriate *state* court.

Id. ch. 6 § 610(I).  Since federal law does not authorize the BOP to dismiss or disregard any state-issued detainers, Petitioner is not entitled to an order directing the BOP to dismiss his Pennsylvania detainer, and his detainer-based claims against the BOP should be dismissed, with prejudice, not just for lack of jurisdiction but also as meritless.

**II.  Challenges Against the State of Pennsylvania**

Although Petitioner does not name the Attorney General for the State of Pennsylvania as a Respondent in this matter (and challenges the actions of the State's Parole Board only), his

Petition is laden with allegations seemingly aimed against the State.  <u>See</u> Docket Entry No. 1.  In light of the foregoing, the Court deduces that Petitioner might have inadvertently omitted naming the Attorney General for the State of Pennsylvania as a Respondent in this matter and would construe the Petition as making allegations against the State's Attorney General.

The United States Court of Appeals for the Third Circuit has observed that only the *courts of the indicting state* can enter an order that would effectively void the criminal charge or a detainer.  <u>See</u> <u>Mokone v. Fenton</u>, 710 F. 2d 998, 1003 (3d Cir. 1983).  In addition, the Court of Appeals has held that a "habeas petitioner . . . seeking to bar . . . an out-of-state detainer . . . , must exhaust the remedies of the state where the charge is pending."  <u>Id.</u> at 1002.

For example, in <u>Moore v. De Young</u>, 515 F.2d 437 (3d Cir. 1975), a pre-trial detainee filed a habeas petition in this Court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against state criminal proceedings.  While the district court granted the petitioner pre-trial habeas relief, the Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the state courts.  <u>See</u> <u>Moore</u>, 515 F. 2d at 447.  Detailing the exhaustion requirement aspect, the Court of Appeals found that

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review.

Id. at 445.

The Court of Appeals accordingly reversed the order granting pretrial habeas relief to Moore. "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." Id. at 447 (footnote omitted); see also United States v. MacDonald, 435 U.S. 850, 861 (1978). It follows that, to the extent Petitioner seeks removal of his Pennsylvania detainer, his application for habeas relief is premature because Petitioner has not presented this challenges to all three levels of Pennsylvania courts. See Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).

Since Petitioner failed to exhaust his detainer-based claim before the Pennsylvania courts, this Court will dismiss his § 2241 claims against the Attorney General for the State of Pennsylvania, without prejudice to bringing these claims in a petition filed under 28 U.S.C. § 2254, after Petitioner's due

exhaustion of his state court remedies.[2]

### III. Filing Fee

The "revised [Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2.  The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk [is] also required . . . to file the petition even though it lack[s] the required filing fee or an in forma pauperis form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am. However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5."  28 U.S.C. § 1914(a).  The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant who submits a sufficient application.  See 28 U.S.C. § 1915(a)(1).

Petitioner, therefore, will be directed to submit his filing fee or his in forma pauperis application regardless of the outcome of this litigation.

---

[2] In alternative, if Petitioner already exhausted his detainer-based challenges in state courts, Petitioner shall bring his § 2254 action in the federal court of appropriate venue.

## **CONCLUSION**

For the foregoing reasons, Petitioner's implied challenges against the BOP based on the fact of BOP having Petitioner's detainer in file will be dismissed with prejudice. Petitioner's implied challenges against the BOP based on the BOP's refusal to credit Petitioner's federal sentence with the term Petitioner served in Pennsylvania prison will be dismissed without prejudice, as unexhausted. Petitioner's challenges against the Attorney General for the State of Pennsylvania will similarly be dismissed without prejudice, as unexhausted.

Petitioner will be directed to submit his filing fee or his _in forma pauperis_ application.

An appropriate order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 5, 2009